

Elior D. Shiloh
77 Water Street, Suite 2100
New York, New York 10005
Elior.Shiloh@lewisbrisbois.com
Direct: 212.232.1362

June 29, 2018

*VIA ECF*

Hon. Nicholas G. Garaufis
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   **Re:** *Shirley Burch, Administratrix of the Estate of Lois Coleman v. Center Management Group, LLC, et al.*
      Docket No. 1:18-cv-03000-NGG-ST

Dear Judge Garaufis:

  We represent Center Management Group, LLC and 1412 Lansdowne Operating, LLC d/b/a St. Francis Center for Rehabilitation & Healthcare in the captioned case. In accordance with Rule III.A.2 of Your Honor's Individual Rules, we hereby request a pre-motion conference to address defendants' proposed motion to dismiss plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), (2) and (3). Pursuant to Rule III.A.3 of the Individual Rules, we also request that the time to respond to the Complaint be extended until such time as this application is heard.

  This is a garden variety nursing home negligence action in which plaintiff alleges that the decedent, Lois Coleman, suffered injuries and death allegedly arising from negligent nursing care she received at St. Francis Center for Rehabilitation & Healthcare (the "long term care facility") located in Delaware County, Pennsylvania. Plaintiff's Complaint purports to state claims alleging negligence, corporate negligence, and negligence *per se,* and seeks damages under Pennsylvania's Wrongful Death and Survival statutes, along with punitive damages against both defendants.

  The long term care facility is owned, self-managed and operated by 1412 Lansdowne Operating, LLC, a Pennsylvania limited liability company. 1412 Lansdowne Operating, LLC conducts all of its business operations in Delaware County and conducts no business in the State of New York. Plaintiff's decedent, Lois Coleman, is alleged in the Complaint to have been a citizen and resident of the Commonwealth of Pennsylvania.

Hon. Nicholas G. Garaufis
June 29, 2018
Page 2

### A.    This Court lacks jurisdiction over the subject matter of this case.

This is a common law nursing home liability case with no federal or constitutional claims. As such, there is not federal question jurisdiction under 28 U.S.C. § 1331.

There is also no diversity jurisdiction. Pursuant to 28 U.S. Code §1332 (a)(1), "the district courts shall have exclusive jurisdiction of all civil actions where the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and is between … citizens of different states." Plaintiff, Shirley Burch is a citizen and resident of the State of California. But 28 U.S. Code §1332 (c)(2), provides that "the legal representative of the estate of a decedent shall be deemed to be a citizen only as the same state as the decedent… (emphasis supplied)." The decedent, Lois Coleman, is alleged to have been a citizen and resident of the Commonwealth of Pennsylvania. Therefore, for the purposes of this action which has been filed on behalf of the estate of Lois Coleman, Shirley Burch, in her capacity as administrator of the decedent plaintiff's estate, shall be deemed a citizen of the Commonwealth of Pennsylvania.

Although defendant Center Management is a New York limited liability company, defendant 1412 Lansdowne Operating is a Pennsylvania limited liability company with a primary place of business in the Commonwealth of Pennsylvania. While Center Management and Plaintiff are citizens of different states diversity must exist between all parties. *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 373, 57 L. Ed. 2d 274, 98 S. Ct. 2396 (1978). *See also* 28 U.S. Code §1332 (a)(1). Diversity is not complete if any plaintiff is a citizen of the same state as any defendant. *Id* at 373-74. Accordingly, diversity between the parties does not exist and pursuant to 12(b)(1), this action should be dismissed for lack of subject matter jurisdiction.

### B.    The Court lacks *in personam* jurisdiction over defendant 1412 Lansdowne Operating.

Federal Rule of Civil Procedure 12(b)(2) provides for dismissal of an action where the court lacks jurisdiction over the person. *See* Fed. R. Civ. P. (12)(b)(2). The jurisdictional analysis in New York has two components. As New York's long arm statute, CPLR 302, does not coincide with the limits of the Due Process Clause, it must be analyzed separately. *See Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 244 (2d Cir. 2007). If statutory jurisdiction exists, the analysis turns to whether the exercise of jurisdiction would be constitutional. *Id.* If there is no statutory jurisdiction, the inquiry ends. *Id*.

The sole business of 1412 Lansdowne Operating is the operation and management of St. Francis Center, a skilled nursing and long term care facility located in Delaware County, Pennsylvania. St. Francis Center has no property and/or bank accounts in New York. 1412 Lansdowne Operating conducts no business, receives no money in exchange for services and generates no revenue in the State of New York. Because 1412 Lansdowne Operating has no contact with New York and conducts no business in New York, statutory general jurisdiction under CPLR 301 does not exist as there is no continuous and systematic course of business. There is also no

Hon. Nicholas G. Garaufis
June 29, 2018
Page 3

jurisdiction under New York's long-arm statute, CPLR 302. Assuming *argudendo* there is statutory jurisdiction, it would violate the notions of due process.

Consistent with the Due Process Clause, courts may exercise two types of *in personam* jurisdiction over a non-resident defendant: specific (or case-linked) jurisdiction and general (or all-purpose) jurisdiction. *BNSF Rwy. Co. v. Tyrell*, 581 U.S. __, 137 S.Ct. 1549, 1558 (May 30, 2017). In order to establish specific jurisdiction over a party, the suit must arise out of or relate to the defendant's contacts with the forum. *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773, 1780, 198 L. Ed. 2d 395, 403, 2017 U.S. LEXIS 3873, *11, 85 U.S.L.W. 4400, CCH Prod. Liab. Rep. P20,088, 26 Fla. L. Weekly Fed. S 671, 2017 WL 2621322. Plaintiff cannot establish specific jurisdiction against defendant 1412 Lansdown Operating, LLC because this action concerns allegations of negligence which all took place in Delaware County, Pennsylvania.

General jurisdiction is established when the foreign corporation has affiliations with a state that are so "continuous and systematic" as to render the corporation essentially at home in the forum State. *Daimler AG v. Bauman*, 571 U. S. 117, 134 S. Ct. 746, 187 L. Ed. 2d 624, 633 (quoting *Goodyear*, 564 U. S., at 919, 131 S. Ct. 2846, 180 L. Ed. 2d 796). There is no general jurisdiction over defendant 1412 Lansdowne Operating as it is not and was not doing business in New York at any time relevant to plaintiff's Complaint. *Landoil Res. Corp. v. Alexander & Alexander Servs., Inc.*, 918 F.2d 1039, 1043 (2d Cir. 1990).

  C. **The allegations alleged in plaintiff's Complaint are subject to the mandatory, binding arbitration provision in the parties' Short Term Admission Agreement.**

In the instant action, plaintiff's claims are subject to a valid and binding arbitration agreement executed by the decedent at the time of her admission. As a result, the claims stated in the Complaint must be dismissed in favor of arbitration, or in the alternative, this action should be stayed and the parties compelled to arbitrate. On November 8, 2014, in connection with her admission to St. Francis Center, plaintiff's decedent executed a Short-Term Admission Agreement. The Short-Term Admission Agreement contains a Grievance Procedure that provides for binding, mandatory arbitration of personal injury and medical malpractice claims:

  **(2) PERSONAL INJURY OR MEDICAL MALPRACTICE.** UNLESS RESOLVED OR SETTLED BY MEDIATION, ANY CLAIM THAT THE RESIDENT MAY HAVE AGAINST THE FACILITY FOR ANY PERSONAL INJURIES SUSTAINED BY THE RESIDENT ARISING FROM OR RELATING TO ANY ALLEGED MEDICAL MALPRACICE, INADEQUATE CARE, OR ANY OTHER CAUSE OR REASON WHILE RESIDING IN THE FACILITY, SHALL BE SETTLED EXCLUSIVELY BY ARBITRATION. **THIS MEANS THAT THE RESIDENT WILL NOT BE ABLE TO FILE A LAWSUIT IN ANY COURT TO BRING ANY CLAIMS THAT THE RESIDENT MAY**

Hon. Nicholas G. Garaufis
June 29, 2018
Page 4

**HAVE AGAINST THE FACILITY FOR PERSONAL INJURIES INCURRED WHILE RESIDING IN THE FACILITY. IT ALSO MEANS THAT THE RESIDENT IS RELINQUISHING OR GIVING UP ALL RIGHTS THAT THE RESIDENT MAY HAVE TO A JURY TRIAL TO LITIGATE ANY CLAIMS FOR DAMAGE OR LOSSES ALLEGEDLY INCURRED AS A RESULT OF PERSONAL INJURIES SUSTAINED WHILE RESIDING IN THE FACILITY.** THE ARBITRATION SHALL BE ADMINISTERED BY A NEUTRAL ARBITRATOR SELECTED IN ACCORDANCE WITH SECTION 18 (D)(7), AND JUDGMENT ON ANY AWARD RENDERED BY THE ARBITRATOR(S) MAY BE ENTERED IN ANY COURT HAVING APPROPRIATE JURISDICTION. RESIDENT AND/OR RESPONSIBLE PERSON ACKNOWLEGE(S) AND UNDERSTAND(S) THAT THERE WILL BE NO JURY TRIAL ON ANY CLAIM OR DISPUTE SUBMITTED TO ARBITRATION, AND RESIDENT AND/OR RESPONSIBLE PERSON RELINQUISH AND GIVE UP THE RESIDENT'S RIGHT TO A JURY TRIAL ON ANY CLAIMS FOR DAMAGES ARISING FROM PERSONAL INJURIES TO THE RESIDENT WHICH ARE SUBMITTED TO ARBITRATION UNDER THE AGREEMENT.

The Short Term Agreement specifies that the agreement shall be "governed and construed with the laws of the Commonwealth of Pennsylvania" and "shall be binding and inure to the benefit of each of the undersigned parties and their respective heirs, personal representatives, successors and assigns."

Under Pennsylvania law, when one party to an agreement to arbitrate seeks to compel arbitration, the party advocating arbitration must show only that: (a) an agreement to arbitrate was entered into; and (b) the dispute involved falls within the scope of the arbitration provision. *McNulty v. H&R Block, Inc.*, 843 A.2d 1267, 1272 (Pa. Super 2004); *Keystone Tech. Group, Inc. v. Kerr Group, Inc.*, 824 A.2d 1223, 1227 (Pa. Super. 2003); *Flightways Corp. v. Keystone Helicopter Corp.*, 331 A.2d 184, 185 (Pa. 1975); 42 Pa.C.S. § 7303. Binding federal law also requires that plaintiff's claims be referred to arbitration. See Federal Arbitration Act ("FAA") 9 U.S.C. §§ 1–16.

Under the facts of this case, Pennsylvania and Federal law compel the conclusion that the mandatory, binding arbitration agreement contained within the Admission Agreement is binding since plaintiff's decedent Lois Coleman signed the agreement noticing her own intention to be legally bound. Plaintiff's claims alleged in the Complaint fall squarely within the scope of the Arbitration Clause contained in the Short-Term Admission Agreement. In fact, plaintiff alleges that her claims arise from inadequate care that decedent received at St. Francis Center.

In the circumstances where some, but not all, of plaintiff's claims are arbitrable, the claims must be split with the case stayed and the arbitrable claims referred to arbitration in accordance with the recent Pennsylvania Supreme Court's decision in *Taylor v. Extended Health Facilities, Inc.*, 147

A.3d 490, 2016 Pa. LEXIS 2166 (September 28, 2016). *See also* 42 Pa.C.S. §7304(d)(requiring stay of judicial proceeding where one or more severable claims is or are arbitrable).

### D. Pursuant to Federal Rule of Civil Procedure 12 (b)(3), the case should be dismissed on the grounds of Forum *Non Conveniens*.

Pursuant to Federal Rule of Civil Procedure 12(b)(3), this case should be dismissed on convenience grounds and refiled in the Court of Common Pleas, Delaware County Pennsylvania given that this is a healthcare professional liability case involving care which all took place in Delaware County, Pennsylvania.

Courts employ a two-part test to analyze an invocation of the forum *non conveniens* doctrine. *Turedi v. Coca Cola Co.*, 460 F. Supp. 2d 507, 508, 2006 U.S. Dist. LEXIS 80591 (S.D.N.Y. 2006). The court determines whether there exists an available and adequate alternative forum where the dispute could be adjudicated. *Id*. The availability requirement is met if a defendant is amenable to process in the alternative forum. *Id*. St. Francis Center and Center Management submit that the Delaware County Court of Common Pleas is the more appropriate forum as the case involves care which all took place in Delaware County, Pennsylvania and both defendants are amenable to process there.

Next, the court assesses the appropriateness of litigating the action in the plaintiff's choice of forum, as opposed to the alternative venue, by balancing the private interests of the litigants and the public interest concerns of the court. *Turedi v. Coca Cola Co.*, 460 F. Supp. 2d 507, 508, 2006 U.S. Dist. LEXIS 80591 (S.D.N.Y. 2006). The inquiry probes whether in the interest of justice and all other relevant concerns the action would best be brought in another venue. *Id*.

In this case, both the private and public interest factors weigh heavily in favor of litigating this case in Pennsylvania. Accordingly, the case should be dismissed because this is a healthcare professional liability case involving nursing care which all took place in Delaware County, Pennsylvania and witnesses and evidence that are located in Pennsylvania. Moreover, the costs, expenses and travel time would be a burden on all involved including potential witnesses and vital resources, including jury members, in New York who would face an unfair burden in the costs and time spent in a case which has no nexus with New York.

Hon. Nicholas G. Garaufis
June 29, 2018
Page 6

        Respectfully,

        *Elior D. Shiloh*

        Elior D. Shiloh of
        LEWIS BRISBOIS BISGAARD & SMITH LLP

cc:    Rhonda Hill Wilson, Esquire (VIA ECF)